## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

V FEE CHALLENGER AVIATION, LLC
a Delaware limited liability company,

    Plaintiff,

Case No.: 9:21-CV-81907

v.

AEROFLY, SA DE CV,
a Mexico corporation.

    Defendant.
_____ /

## COMPLAINT

Plaintiff, V FEE CHALLENGER AVIATION, LLC, hereby files its Complaint against Defendant, AEROFLY, SA DE CV and states as follows:

### PARTIES

1. Plaintiff, V FEE CHALLENGER AVIATION, LLC ("V Fee"), is a Delaware limited liability company with its principal place of business situated in New Jersey. V Fee's single member, an individual, is a citizen of New Jersey.

2. Defendant, AEROFLY, SA DE CV ("Aerofly"), is a foreign corporation duly organized and existing under the laws of Mexico with a principal place of business located at Tiburcio Montiel 14, Col, San Miguel Chapultepec, CDMX, Mexico, 11850, and may be served with process at that address.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions material to Plaintiff's cause of action occurred in this District.

1



5. The Court may exercise personal jurisdiction over Defendant because it transacted business in Florida in regard to the contract at issue. In addition, Defendant consented to this Court's jurisdiction and venue in § 25 of the contract at issue which states:

> **Governing Law and Jurisdiction.** This Agreement is a contract executed, and to be construed, under the laws of the State of Florida without respect to the choice of law provisions thereto. The parties hereby consent to the exclusive jurisdiction and venue of the state and federal courts sitting in the Southern District of Florida with respect to any dispute arising from the transactions contemplated by this Agreement. Each party hereby irrevocably agrees not to raise, and hereby waives any objections or defenses based upon venue and forum non conveniens.

6. All conditions precedent to brining this Action have either occurred or been waived.

## FACTS APPLICABLE TO ALL COUNTS

7. V Fee is a Delaware limited liability company located in New Jersey that is involved in the aviation industry.

8. Aerofly is a Mexican corporation located in Mexico.

9. On August 3, 2021, V Fee and Aerofly entered into an Aircraft Purchase and Sale Agreement ("Agreement") whereby Aerofly was the seller, and V Fee was the buyer.

10. The contract was for the purchase of one 1994 Challenger 601-3R, manufacturer's serial number 5155, bearing Mexican registration number XA-OFM with two (2) GE CF-34AI engines with manufacturer's serial numbers 807145 and 807144, one (1) Honeywell GTCP36-100(E) model auxiliary power unit with manufacturer's serial number P-430 (the "Aircraft").

11. Aerofly agreed to sell, and V Fee agreed to purchase the Aircraft for the purchase price in the amount of $2,100,000.00 upon acceptance and delivery of the Aircraft.

12. Pursuant to and in compliance with the terms of the Agreement, V Fee tendered a deposit in the amount of $100,000.00 held in escrow for Aerofly's benefit prior to the execution of the Agreement and V Fee remains willing and able to deposit the balance of the purchase price

2

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

in the amount of $2,000,000.00 to Aerofly upon inspection and acceptance of the Aircraft. *Id.* at § § 3.1, 3.2.

13. Pursuant to § 5.1 of the Agreement, Aerofly and V Fee agreed that no later than September 13, 2021, Aerofly was obligated to make the Aircraft available to V Fee for inspection following the completion of scheduled maintenance.

14. On September 2, 2021, Aerofly sent notice to V Fee that (i) it would not be able to timely provide the Aircraft for inspection, (ii) corrosion was discovered on the airframe that needed to be addressed before it could be released to service, which required more than three (3) weeks to correct, and (iii) logbook records were missing ("Discrepancy Notice").

15. On September 7, 2021, V Fee sent a response to the Discrepancy Notice requesting the estimated time necessary to complete the remaining inspections, and to complete the discrepancies, including corrosion mitigation so that the deadlines contained in the Agreement could be extended ("Demand").

16. Moreover, V Fee advised Aerofly that it would send its representative to assist in records review in order to address all remaining items so that the closing could occur with limited delay.

17. In response to the Demand, on September 8, 2021 Aerofly, for the first time ever, disclosed that the Aircraft is subject to an alleged lawsuit with the logbooks being held as part of the alleged lawsuit and therefore, the Aircraft cannot be sold and delivered until the lawsuit is resolved at an unknown and uncertain date.

18. Pursuant to § 21 of the Agreement, Aerofly has agreed that the Aircraft shall be subject to V Fee's exclusive right to purchase.

19. Upon information and belief, Aerofly is attempting to sabotage the binding Agreement in an effort to circumvent V Fee and sell the Aircraft to a third party.

3

20. Aerofly is contractually bound to all terms of the Agreement, including but not limited to § 23 of the Agreement to make all commercially reasonable efforts to have the Aircraft ready as soon as practicable. *Id.*

21. Due to the total lack of any current inventory in Challenger aircraft, V Fee is left with no other reasonable alternative but to consummate the purchase of the subject Aircraft.

22. V Fee has expended a massive undertaking, both in time and finances, in order to consummate and compete this transaction.

23. Defendant has breached and, upon information and belief, based upon current status of its default, Defendant will continue to breach the Agreement.

24. Defendant's breaches have caused Plaintiff significant and ongoing damages.

25. Plaintiff has been required to retain the services of counsel including the undersigned law firm to pursue its legal rights. Therefore, the Plaintiff is obligated to pay the undersigned law firm a reasonable attorneys' fee for services rendered and seeks reimbursement from the Defendant for all legal fees and expenses incurred in this action as damages pursuant to § 25 of the Agreement.

## COUNT I
### Specific Performance of Contract

26. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25, as if fully set forth herein.

27. Pursuant to the clear and complete terms of the Agreement, Aerofly was obligated to sell and deliver the Aircraft to V Fee for the agreed upon price of $2,100,000.00

28. On September 2, 2021 and September 8, 2021, Aerofly breached the Agreement and sent letters informing V Fee, that in fact, Aerofly would not provide V Fee with the Aircraft.

29. Aerofly breached the Agreement and told V Fee that it would not sell and deliver the Aircraft to V Fee.

30. Aerofly has refused to honor its obligations under the Agreement.

4

31. Aerofly's letters, dated September 2, 2021 and September 8, 2021, are in clear contravention of the express terms of the Agreement.

32. Aerofly's letters constitute Aerofly's anticipatory breach of the Agreement.

33. Given the total lack of any current inventory in Challenger aircraft, the Aircraft purchased by V Fee, pursuant to the express terms of the Agreement, is a unique type of aircraft that V Fee will not be able to purchase from an alternate source.

34. Because there is a total lack of current inventory of Challenger aircraft making the subject Aircraft is a unique aircraft, mere damages for breach of contract will not provide V Fee with an adequate remedy at law. Thus, V Fee, has no adequate remedy at law and is entitled to specific performance by Aerofly of the Agreement.

35. Justice requires that V Fee receive the unique aircraft for which it bargained.

36. V Fee has engaged the undersigned attorney to represent its interests in the matter and is entitled to recover its attorney fees and costs from Aerofly in accordance with the provisions in § 25 of the Agreement.

WHEREFORE, V Fee respectfully demands that the Court (a) take jurisdiction of this action, the parties hereto and the subject matter hereof; (b) specifically enforce the Agreement, including all terms and obligations thereof, compel Aerofly to sell the Aircraft to V Fee, and award V Fee interest, court costs and attorney fees in accordance with § 25 of the Agreement; and (c) award V Fee such other and further relief against Aerofly which, as to this Court, may seem just and proper.

## COUNT II
## Breach of Contract

37. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25, as if fully set forth herein.

38. Plaintiff and Defendant entered into the Agreement.

aero Law Center
FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

39. Plaintiff performed all of its obligations under the terms and conditions of the Agreement by timely tendering the $100,000.00 as a deposit to Defendant.

40. Aerofly materially breached the Agreement by failing to timely deliver the Aircraft to V Fee for inspection.

41. Aerofly materially breached the Agreement by failing to disclose that the transaction contemplated under the Agreement is subject to a pending action.

42. Aerofly materially breached the Agreement by failing to make all commercially reasonable efforts to have the Aircraft ready as soon as practicable.

43. Defendant's material breaches have damaged Plaintiff and continues to damage Plaintiff.

44. V Fee has engaged the undersigned attorney to represent its interests in the matter and is entitled to recover its attorney fees and costs from Aerofly in accordance with the provisions in § 25 of the Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court find in its favor and against Defendant, and award Plaintiff all recoverable damages together with interest thereon as provided by law, including attorney fees and costs, and all such other and further relief this Court deems just and proper.

## COUNT III
**Fraud in the Inducement**

45. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25, as if fully set forth herein.

46. In or around August, 2021, Oliver Fernandez Mena and Captain Armando Morales on behalf of Aerofly misrepresented to Tom Maoli of V Fee through the Agreement and via oral representations, that it held good and marketable title to the Aircraft, and could pass good and marketable title to the Aircraft free and clear of any and all mortgages, claims, liens, charges,

aero Law Center
FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

leases, international interests, rights of others, security interests, tax liens or other encumbrances of any kinds.

47. In or around August, 2021, Oliver Fernandez Mena and Captain Armando Morales on behalf of Aerofly misrepresented to Tom Maoli of V Fee through the Agreement and via oral representations, that no suit, action, arbitration or legal, administrative, or other proceeding or governmental investigation is pending as to the transactions contemplated under the Agreement.

48. Oliver Fernandez Mena and Captain Armando Morales, who acted on behalf of Aerofly, knew or should have known that Aerofly could not pass good and marketable title free and clear of all liens to V Fee because at all times relevant, the Aircraft is subject to an action that would obstruct the sale of the Aircraft to V Fee.

49. Oliver Fernandez Mena and Captain Armando Morales on behalf of Aerofly intentionally made this misrepresentation to Tom Maoli of V FEE in order to induce V Fee to enter into the Agreement for the sale of the Aircraft and obtain $2,100,000.00.

50. Tom Maoli of V Fee did in fact justifiably rely on Oliver Fernandez Mena and Captain Armando Morales' misrepresentations by entering into the Agreement for the purchase of the Aircraft and tendering the deposit of $100,000.00 to Aerofly prior to the execution of the Agreement.

51. As a result of Oliver Fernandez Mena and Captain Armando Morales', on behalf of Aerofly's, misrepresentation, V Fee has been dispossessed of $100,000.00, and has received nothing in return for this consideration.

52. V Fee has and continues to be damaged.

53. V Fee demands punitive damages against Aerofly.

54. V Fee has engaged the undersigned attorney to represent its interests in the matter and is entitled to recover its attorney fees and costs from Aerofly in accordance with the provisions in § 25 of the Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff for all recoverable damages, including but not limited to punitive damages, attorney fees, and for all other relief this Court deems just and proper.

## COUNT IV
### Fraud

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25, as if fully set forth herein.

56. In or around August, 2021, Oliver Fernandez Mena and Captain Armando Morales, on behalf of Aerofly, made a false statement to Tom Maoli of Aerofly that it held good and marketable title, and that it could convey good and marketable title to the Aircraft free and clear of of any and all mortgages, claims, liens, charges, leases, international interests, rights of others, security interests, tax liens or other encumbrances of any kinds.

57. In or around August, 2021, Oliver Fernandez Mena and Captain Armando Morales, on behalf of Aerofly, made a false statement to Tom Maoli of Aerofly that no suit, action, arbitration or legal, administrative, or other proceeding or governmental investigation is pending as to the transactions contemplated under the Agreement.

58. Oliver Fernandez Mena and Captain Armando Morales, who acted on behalf of Aerofly, knew that these statements were false because Aerofly could not pass good and marketable title free and clear of all liens to V Fee because at all times relevant, the Aircraft is subject to an action that would obstruct the sale of the Aircraft to V Fee.

59. Oliver Fernandez Mena and Captain Armando Morales, on behalf of Aerofly, made these false statements in order to induce Tom Maoli of V Fee to enter into the Agreement and tender the purchase price of $2,100,000.00 to it. It was never Aerofly's intention to timely deliver the Aircraft because the Aircraft was the subject to a pending action and could not be sold but for resolution of the action.

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

60. Tom Maoli of V Fee did in fact rely on these false statements by executing the Agreement and transferring the deposit for the Aircraft to Aerofly.

61. V Fee has been injured in that the Aircraft was not timely delivered.

62. V Fee has and continues to be damaged.

63. V Fee demands punitive damages against Aerofly.

64. V Fee has engaged the undersigned attorney to represent its interests in the matter and is entitled to recover its attorney fees and costs from Aerofly in accordance with the provisions in § 25 of the Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff for all recoverable damages, including but not limited to punitive damages, attorney fees, and for all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: October 13, 2021

        AERO LAW CENTER
*Attorneys for Plaintiff*
Ft. Lauderdale-Hollywood Int'l Airport
1100 Lee Wagener Blvd., Suite 211
Fort Lauderdale, FL 33315
Telephone:  (954) 400-4643
Email:  ewing@aerolawcenter.com
      service@aerolawcenter.com

   */s/ Jonathan A. Ewing, Esq.*
Jonathan A. Ewing, BCS
FBN: 40972
Nada Alfaily, Esq.
FBN: 1016145



9

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM